UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DG NEW YORK CS, LLC,
DG 1 ACQUISITION CO., LLC,
NSF COVENTRY SITE 2, LLC,
NSF COVENTRY SITE 3, LLC,
NSF ENFIELD SITE 1, LLC,
NSF ENFIELD SITE 2, LLC, and
NSF ENFIELD SITE 3, LLC,

                    Plaintiffs,


          -v-                              1:23-CV-971

NORBUT SOLAR FARM, LLC,
DAVID NORBUT,
2194 STATE HWY 206, LLC, and
APPLEGATE ROAD, LLC,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

BOIES, SCHILLER & FLEXNER LLP   GEORGE F. CARPINELLO, ESQ.
Attorneys for Plaintiffs        JENNA C. SMITH, ESQ.
30 South Pearl Street, 11th Floor
Albany, NY 12207

NIXON, PEABODY LAW FIRM         ERIC M. FERRANTE, ESQ.
Attorneys for Defendants
1300 Clinton Square
Rochester, NY 14604

NIXON, PEABODY LAW FIRM         WILLIAM E. REYNOLDS, ESQ.
Attorneys for Defendants
677 Broadway, 10th Floor
Albany, NY 12207

DAVID N. HURD
United States District Judge

### <u>ORDER DENYING RECONSIDERATION</u>

On January 8, 2024, after hearing argument, this Court granted plaintiffs'

motion for a preliminary injunction and denied defendants' 12(b)(6) motion to

dismiss.  Dkt. No. 38.  As the Court explained at the time:

> Plaintiffs have already established that they are
> substantially likely to succeed on the merits of their
> breach-of-contract claim.  And although the Court has
> not specifically analyzed the likelihood-of-success
> question attached to plaintiffs' other claims (*i.e.*, for
> breach of the implied covenant of good faith and fair
> dealing, promissory estoppel, and breach of the
> covenant of quiet enjoyment), a review of the parties'
> briefing and plaintiffs' opposition confirms that, at the
> very least, plaintiffs have stated plausible claims for
> relief.

Dkt. No. 38 at 16–17.

Defendants have moved for partial reconsideration of the January 8, 2024

Order.  Dkt. No. 43.  In their view, defendant David Norbut should have been

dismissed as a defendant in this action because he is not a party to any of the

contracts upon which plaintiffs have sued.  *Id.*  In addition, defendants argue

that plaintiffs' promissory estoppel claim should have dismissed because they

failed to allege that Norbut said, did, or promised to say or do anything in his

personal capacity.  *Id.*  Plaintiffs have opposed.  Dkt. No. 53.  The motion has

been fully briefed and will be considered on the basis of the submissions without oral argument.

Under this District's Local Rules, "a party may file and serve a motion for reconsideration or reargument no later than fourteen days after the entry of the challenged judgment, order, or decree." N.D.N.Y. L.R. 60.1. "A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, J.) (citing *Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

These are demanding requirements. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Accordingly, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

Upon review, defendants' motion for partial reconsideration must be denied. Then as now, defendants paint Norbut as a mere bystander in the events that led to this litigation. However, plaintiffs plausibly alleged that the entity-defendants are just shell companies (of which Norbut is the sole member) and persuasively argued that relief against Norbut in his personal capacity was therefore at least plausibly warranted.

The Court could have said more. But a trial court is not obligated to write a treatise on every round of motion practice. *Jackson v. Fed. Exp.*, 766 F.3d 189, 199 (2d Cir. 2014). After all, in the pre-answer posture a trial court is only tasked with sussing out whether the plaintiff's pleading has *plausibly* alleged their claims. If so, the decision permitting discovery on those claims is a non-final and (typically) non-appealable order. So there is usually little reason to drag things out with a tedious written opinion.

In this case, the Court reviewed the parties' briefing and concluded, for substantially the reasons set forth in plaintiffs' opposition papers, that plaintiffs had alleged plausible claims for relief. This latest round of briefing, which the Court has also reviewed, changes nothing about that conclusion.

Therefore, it is

ORDERED that

Defendants' motion for reconsideration (Dkt. No. 43) is DENIED.

IT IS SO ORDERED.

Dated:  February 7, 2024
        Utica, New York.

David N. Hurd
U.S. District Judge